UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARTHA RAMIREZ-POLANCO,

    Plaintiff,

-v-

WILLIAM CRAIG MCCURDY and
NATIONAL CARRIERS, INC.

    Defendants.
_____/

CASE NO.:  8:20-CV-350-WFJ-AEP

## FIRST AMENDED COMPLAINT

**COMES NOW**, the Plaintiff, MARTHA RAMIREZ-POLANCO, by and through her undersigned attorneys, and sues the Defendants, WILLIAM CRAIG MCCURDY and NATIONAL CARRIERS, INC., individually, and jointly, and alleges as follows:

## PARTIES, VENUE AND JURISDICTION

1. The Plaintiff, MARTHA RAMIREZ-POLANCO (hereinafter "Plaintiff") is an adult individual who resides in the State of Florida.

2. The Defendant, WILLIAM CRAIG MCCURDY is an adult and is domiciled within the State of Texas.  Defendant WILLIAM CRAIG MCCURDY may be served with a copy of the summons and complaint at his residence at 11529 State Highway 36 South, Jonesboro, TX 76538 or at any location where he may be found.

3. Defendant WILLIAM CRAIG MCCURDY, is a Texas resident, concealing his whereabouts, who at all times materials herein accepted the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle or of having it operated, or of permitting any motor vehicle owned, or leased, or controlled by him to be operated with his

knowledge, permission, acquiescence, or consent, within the state, or any resident of this state, being the licensed operator or owner of or the lessee, or otherwise entitled to control any motor vehicle under the laws of this state, who concealing his whereabouts, constitutes the Secretary of State and/or their agent for the service of process in any civil action begun in the courts of the state against such operator or owner, arising out of or by reason of any accident or collision occurring within the state in which the motor vehicle is involved (See Florida Statute §48.171 and §48.161).

4. Defendant, NATIONAL CARRIERS, INC. is a diversified motor carrier servicing all 48 states in the continental United States whose corporate headquarters and principle place of business is located in Irving, Texas, and is a citizen of the state of Texas.

5. At all times pertinent to the allegations of this Complaint, Defendant WILLIAM CRAIG MCCURDY was the agent, servant, workman, and/or employee of NATIONAL CARRIERS, INC. acting within the course and scope of his employment or agency.

6. At all relevant times, NATIONAL CARRIERS, INC. regularly and systematically conducted and continues to conduct business in Hillsborough County, Florida.

7. The transportation of goods in interstate commerce constitutes an ultrahazardous activity that presents substantial dangers to the driving public when not done safely, properly and with due caution. Accordingly, there are a number of federal regulations, state statutes, industry standards and local ordinances that govern the qualification, training and retention of professional tractor trailer drivers, the proper maintenance and equipment for commercial motor vehicles, and the safe operation of motor carriers, commercial motor vehicles and professional truck drivers.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and because Plaintiff is a citizen of a different state than Defendants.

9. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as the event giving rise to the claim occurred in this District.

## STATEMENT OF FACTS

10. On March 6, 2018, the Plaintiff, MARTHA RAMIREZ POLANCO, operated a 2013 Hyundai Sonata motor vehicle traveling northbound on Interstate 75 (mile marker 234) and State Road 674, in Ruskin, Hillsborough County, Florida.

11. At the same time and place, a 2018 Kenworth semi-tractor trailer motor vehicle operated with consent by the Defendant, WILLIAM CRAIG MCCURDY, and owned by the Defendant, NATIONAL CARRIERS, INC., was traveling northbound on Interstate 75 (mile marker 234) and State Road 674 in Ruskin, Hillsborough County, Florida.

12. Defendant, WILLIAM CRAIG MCCURDY, operated the semi-tractor trailer motor vehicle in such a careless and negligent manner so that the Defendant's semi made an improper lane change and collided into the vehicle driven by the Plaintiff, MARTHA RAMIREZ POLANCO.

13. As a result of the collision caused by Defendant WILLIAM CRAIG MCCURDY, Plaintiff MARTHA RAMIREZ POLANCO suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical treatment, and loss of ability to earn money. These losses are permanent or continuing, and Plaintiff will suffer losses in the future

## COUNT I – NEGLIGENCE CLAIM AGAINST DEFENDANT, WILLIAM CRAIG MCCURDY

The Plaintiff, MARTHA RAMIREZ POLANCO, re-alleges and incorporates the allegations in Paragraphs 1 through 13 above as if set forth fully herein and further alleges:

14. The negligence, carelessness and/or recklessness of the Defendant, WILLIAM CRAIG MCCURDY individually and as the agent, servant, worker and/or employee of NATIONAL CARRIERS, INC., consisted of, but is not limited to the following:

    a.    Failing to maintain proper and adequate control of his Tractor Trailer so as to avoid crashing into the Plaintiff;

    b.    Driving carelessly in violation Florida Statutes § 316.1925.

    c.    Failing to yield the right-of-way.

    d.    Driving too fast for the conditions;

    e.    Failing to pay proper attention while operating his Tractor Trailer;

    f.    Failing to take proper precautions in the operation of his Tractor Trailer so as to avoid the collision that occurred with the vehicle being operated by the Plaintiff;

    g.    Operating his Tractor Trailer in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

    h.    Failing to exercise due care and caution under all of the existing circumstances;

    i.    Failing to have his Tractor Trailer unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

    j.    Failing to remain alert;

    k.    Traveling at an excessive rate of speed under the circumstances;

    l.    Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailer units;

    m.    Failing to operate his Tractor Trailer in accordance with the Federal Motor Carrier Safety Regulations;

      n.      Failing to properly control his Tractor Trailer in light of the circumstances then and there existing;

      o.      Failing to make necessary and reasonable observations while operating his Tractor Trailer;

      p.      Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the vehicle operated by the Plaintiff;

      q.      Failing to timely and properly apply his brakes;

      r.      Violating both the written and unwritten policies, rules, guidelines and regulations of NATIONAL CARRIERS, INC.;

      s.      Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

      t.      Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

      u      Violating FMCSA Regulation 395 dealing with hours of service;

      v.      Failing to adhere to the amount of hours limit in violation of the FMCSR;

      w.      Failing to properly inspect his Tractor Trailer in violation of the FMCSR;

      x.      Striking the Plaintiff's vehicle as a result of being on the road for more than the regulated amount of hours in violation of the FMCSR;

      y.      Striking the Plaintiff's vehicle as a result of driving in excess of the speed limit in violation of the FMCSR;

      z.      Consciously choosing to drive over the speed limit in violation of the FMCSR;

      aa.      Consciously choosing to drive over the regulated amount of hours;

bb. Consciously choosing not to pull his tractor trailer over when the regulated amount of hours on the road were met;

cc. Consciously choosing to continue driving despite realizing he was physically exhausted;

dd. Consciously choosing to drive over the speed limit in violation of the FMCSR despite knowing that he was creating an increased risk of crashing his tractor trailer;

ee. Failing to keep a proper lookout;

ff. Failing to observe traffic conditions;

gg. Failing to keep his motor vehicle under control and prevent the crash;

hh. Failing to pay full time and attention while operating a motor vehicle;

ii. Failing to use due care and caution;

ee. Acting with a conscious disregard for the rights and safety of the Plaintiff.

15. As a direct and proximate cause of the negligence, carelessness and/or recklessness of the Defendant, WILLIAM CRAIG MCCURDY individually and as the agent, servant, worker and/or employee of NATIONAL CARRIERS, INC., the Plaintiff suffered the following injuries:

a. lumbar injury;

b. cervical injury;

c. lumbar radiculopathy;

d. bilateral SI joint injuries;

e. headaches;

f. vertigo;

g. bilateral shoulder injuries;

h. occipital injury;

  i. right arm injury;

  j. head injury;

  k. upper back injury;

  l. right arm injury;

  m. left knee;

  n. hip injuries;

  o. anxiety; and

  p. sleep disturbances;

  16. As a result of the aforesaid injuries, the Plaintiff, as of the time of the filing of this Amended Complaint, has required treatment from, and continues to require treatment for the aforesaid injuries.

  17. All of the aforementioned treatment for the Plaintiff's injuries has been deemed reasonable and necessary.

  18. As a result of the negligence of the Defendant, WILLIAM CRAIG MCCURDY, the Plaintiff, MARTHA RAMIREZ POLANCO, suffered bodily injury and resulting pain and suffering, disability, permanent scarring, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

  19. The Plaintiff, MARTHA RAMIREZ POLANCO's injuries consist in whole or in part of a significant and permanent loss of important bodily functions, and a permanent injury within a reasonable degree of medical probability, and significant and permanent scarring or disfigurement. However, should it be determined that any such bodily injuries are not permanent,

then the Plaintiff claims entitlement to all damages resulting from nonpermanent injuries sustained and which are based upon benefits therefore not paid by Personal Injury Protection (No Fault benefits).

**WHEREFORE**, the Plaintiff, MARTHA RAMIREZ POLANCO, demands judgment against the Defendant, WILLIAM CRAIG MCCURDY, in an amount in excess of Seventy Five Thousand ($75,000) Dollars, and requests a trial by jury of all issues.

### COUNT II – VICARIOUS LIABILITY OF DEFENDANT, NATIONAL CARRIER, INC.

The Plaintiff, MARTHA RAMIREZ POLANCO, re-alleges and incorporates the allegations in Paragraphs 1 through 13 above as if set forth fully herein and further alleges:

20. That on March 6, 2018, the Defendant, WILLIAM CRAIG MCCURDY, operated a semi-tractor trailer motor vehicle with the knowledge and consent of the owner, the Defendant, NATIONAL CARRIERS, INC.

21. That as the owner of the semi-tractor trailer motor vehicle, the Defendant, NATIONAL CARRIERS, INC., is vicariously liable for the negligence of its permissive driver, the Defendant, WILLIAM CRAIG MCCURDY, under Florida's Dangerous Instrumentality Doctrine.

22. At the time of the subject collision, Defendant WILLIAM CRAIG MCCURDY was operating the vehicle on behalf of Defendant NATIONAL CARRIERS, INC.

23. Defendant NATIONAL CARRIERS, INC. is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant WILLIAM CRAIG MCCURDY in regard to the collision described in this Complaint under the doctrine of lease liability, agency or apparent agency and/or respondeat superior.

24. As a result of the aforesaid vicarious liability of the Defendant, NATIONAL CARRIERS, INC., the Plaintiff, MARTHA RAMIREZ POLANCO, suffered bodily injury and

resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

25. The Plaintiff, MARTHA RAMIREZ POLANCO's injuries consist in whole or in part of a significant and permanent loss of important bodily functions, and a permanent injury within a reasonable degree of medical probability, and significant and permanent scarring or disfigurement. However, should it be determined that any such bodily injuries are not permanent, then the Plaintiff claims entitlement to all damages resulting from nonpermanent injuries sustained and which are based upon benefits therefore not paid by Personal Injury Protection (No Fault benefits).

**WHEREFORE**, the Plaintiff, MARTHA RAMIREZ POLANCO, demands judgment against the Defendant, NATIONAL CARRIERS, INC., in an amount in excess of Seventy Five Thousand ($75,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

### COUNT III – NEGLIGENT HIRING, TRAINING AND SUPERVISION DEFENDANT, NATIONAL CARRIER, INC.

The Plaintiff, MARTHA RAMIREZ POLANCO, re-alleges and incorporates the allegations in Paragraphs 1 through 13 above as if set forth fully herein and further alleges:

26. Defendant NATIONAL CARRIERS, INC. had an obligation / duty to hire, retain and supervise drivers who operate its vehicles in a safe manner.

27. The Plaintiff was injured as a result of an incident related to the Defendant WILLIAM CRAIG MCCURDY's driving, and more specifically, his unsafe driving.

28. The negligence, carelessness and/or recklessness of NATIONAL CARRIERS, INC., individually and through its various employees, servants, agents and/or workers including, but not

limited to WILLIAM CRAIG MCCURDY, resulted in injuries and damages to Plaintiff.

29. Defendant NATIONAL CARRIERS, INC. was negligent in hiring Defendant WILLIAM CRAIG MCCURDY and entrusting him to drive a tractor-trailer.

30. Defendant NATIONAL CARRIERS, INC. was negligent in failing to properly train Defendant WILLIAM CRAIG MCCURDY in the safe operation of a tractor-trailer, including but not limited to, the proper and safe method of maintaining control of his vehicle.

31. Defendant NATIONAL CARRIERS, INC. was negligent in failing to properly supervise Defendant WILLIAM CRAIG MCCURDY.

32. Defendant NATIONAL CARRIERS, INC.'s negligence in hiring Defendant WILLIAM CRAIG MCCURDY and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was a proximate cause of the collision and the injuries sustained by Plaintiff MARTHA RAMIREZ POLANCO.

33. Defendant NATIONAL CARRIERS, INC. was aware that Defendant WILLIAM CRAIG MCCURDY suffered from severe obstructive sleep apnea and/or Obstructive Sleep Apnea Syndrome.

34. Defendant NATIONAL CARRIERS, INC. was aware that Defendant WILLIAM CRAIG MCCURDY was provided a CPAP machine to treat severe obstructive sleep apnea and/or Obstructive Sleep Apnea Syndrome.

35. Defendant NATIONAL CARRIERS, INC. knew or should have known that Defendant WILLIAM CRAIG MCCURDY was not following the recommendations from his doctor and was not properly using the CPAP machine.

36. Defendant NATIONAL CARRIERS, INC. was negligent in failing to properly supervise Defendant WILLIAM CRAIG MCCURDY and ensuring that Defendant WILLIAM

CRAIG MCCURDY was complying with the requirements from his physicians for the treatment of severe obstructive sleep apnea and/or Obstructive Sleep Apnea Syndrome.

37.  As a result of the aforesaid negligent hiring, training and supervision of the Defendant, NATIONAL CARRIERS, INC., the Plaintiff, MARTHA RAMIREZ POLANCO, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

38.  The Plaintiff, MARTHA RAMIREZ POLANCO's injuries consist in whole or in part of a significant and permanent loss of important bodily functions, and a permanent injury within a reasonable degree of medical probability, and significant and permanent scarring or disfigurement. However, should it be determined that any such bodily injuries are not permanent, then the Plaintiff claims entitlement to all damages resulting from nonpermanent injuries sustained and which are based upon benefits therefore not paid by Personal Injury Protection (No Fault benefits).

WHEREFORE, the Plaintiff, MARTHA RAMIREZ POLANCO, demands judgment against the Defendant, NATIONAL CARRIERS, INC., in an amount in excess of Seventy Five Thousand ($75,000) Dollars, and requests a trial by jury of all issues.

## **DAMAGES**

The Plaintiff, MARTHA RAMIREZ POLANCO, re-alleges and incorporates the allegations in Paragraphs 1 through 13 above as if set forth fully herein and further alleges:

39. As a result of the conduct of each Defendant, Plaintiff MARTHA RAMIREZ POLANCO has incurred past medical expenses and will incur future medical expenses, all in excess of $75,000.00, inclusive of, but not limited to, the sums set forth below. Plaintiff MARTHA RAMIREZ POLANCO's medical treatment is ongoing, and therefore, said medical expenses will continue to be incurred by Plaintiff.

| | |
|---|---|
| Advanced Diagnostic Group: | $3,097.61 |
| Anesthesia Professional Services: | $2,750.00 |
| Brain and Spine Institute for Children: | $1,225.00 |
| Encompass Chiropractic: | $19,923.50 |
| Encompass Integrative Medical and Injury Center: | $40,346.40 |
| Health One medical Center: | $1,450.00 |
| Hess Spinal Centers: | $600.00 |
| Hohman Rehab and Sports Medicine, LLC | $6,269.45 |
| Integrated Chiropractic Healthcare, PA | $1,826.30 |
| LaRocca Injury Centers, LLC | $27,715.00 |
| Park Place Surgery Center, Inc. | $86,383.41 |

40. As a result of the conduct of each Defendant, Plaintiff MARTHA RAMIREZ POLANCO incurred past lost wages in excess of $3,000.00, and will incur lost wages in the future.

41. As a result of the conduct of each Defendant Plaintiff MARTHA RAMIREZ POLANCO has incurred mental and physical pain and suffering and will continue to experience pain and suffering in the future.

42. As a result of the conduct of each Defendant, Plaintiff MARTHA RAMIREZ POLANCO has suffered other damages, such as loss of enjoyment of life and permanent scarring

and disfigurement for which she he is entitled to compensatory and equitable damages in an amount to be proven at trial.

43.     As a result of the conduct of each Defendant, each Defendant is liable to Plaintiff MARTHA RAMIREZ POLANCO for damages associated with her personal injuries, pain and suffering, severe emotional distress, financial and economic loss, including but not limited to obligations for medical services and expenses, present and future lost wages, and other damages for which she is entitled to compensatory and equitable damages in an amount to be proven at trial.

WHEREFORE, the Plaintiff, MARTHA RAMIREZ POLANCO, demands judgment against the Defendants, WILLIAM CRAIG MCCURDY and NATIONAL CARRIERS, INC., individually, and jointly, in an amount in excess of Seventy Five Thousand ($75,000) Dollars, and requests a trial by jury of all issues.

**DATED** this 13th day of October, 2020.

Respectfully Submitted,

BY: /s/ Leticia L. Valdes
LETICIA L. VALDES, ESQ.
Florida Bar #: 962120
Primary E-mail: Lvaldes@forthepeople.com

**Morgan & Morgan, Tampa, P.A.**
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel:  813-223-5505
Fax:  813-329-6940
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email on October 13, 2020, on all counsel or parties of record on the service list below.

BY: /s/ Leticia L. Valdes
LETICIA L. VALDES, ESQ.
Florida Bar #: 962120

## SERVICE LIST

Edward R. Nicklaus, Esq.
4651 Ponce de Leon Blvd., Suite. 200
Coral Gables, Florida 33146
Edwardn@nicklauslaw.com

Edward N. Nicklaus, Esq.
4651 Ponce de Leon Blvd., Suite. 200
Coral Gables, Florida 33146
Eddyn@nicklauslaw.com